IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| KIM MEYERS, as Personal Representative of the ESTATE OF ROSALIE PYATT GREEN, | ) ) ) | No. 2:09-cv-2525-DCN |
| Plaintiff, v. | ) ) ) ) | |
| FORD MOTOR COMPANY, and JOHN DOE, | ) ) ) | |
| Defendants. | ) ) ) | |
| EDWARD GREEN, SR., | ) ) | No. 2:09-cv-2526-DCN |
| Plaintiff, v. | ) ) ) ) | **ORDER & OPINION** |
| FORD MOTOR COMPANY, and JOHN DOE, | ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the court on defendant John Doe's motion to dismiss plaintiffs' complaints against Doe because plaintiffs have not complied with South Carolina Code Annotated § 38-77-170, which governs uninsured motorist claims against John Doe defendants. Specifically, Doe argues that plaintiffs have failed to produce a witness affidavit as required by the statute. For the reasons set forth below, the court grants Doe's motion.

**I. BACKGROUND**

This case arises from a September 30, 2006 automobile accident. According to

1

the complaints, plaintiff Edward Green, Sr. was driving east on Interstate 26 in Charleston County when suddenly, without warning, Doe changed lanes, pulled in front of Green, and slammed on brakes. In an effort to avoid a collision with Doe, Green swerved and his Ford Explorer rolled over. Green was severely injured, and his wife, Rosalie Pyatt Green, was killed.

## II.  DISCUSSION

South Carolina Code Annotated § 38-77-170 is titled, "Conditions to sue or recover under uninsured motorist provision when owner or operator of motor vehicle causing injury or damage is unknown," and provides,

> If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, there is no right of action or recovery under the uninsured motorist provision, unless:
>
> (1) the insured or someone in his behalf has reported the accident to some appropriate police authority within a reasonable time, under all the circumstances, after its occurrence;
>
> *(2) the injury or damage was caused by physical contact with the unknown vehicle, or the accident must have been witnessed by someone other than the owner or operator of the insured vehicle; provided however, the witness must sign an affidavit attesting to the truth of the facts of the accident contained in the affidavit*;
>
> (3) the insured was not negligent in failing to determine the identity of the other vehicle and the driver of the other vehicle at the time of the accident.
>
> The following statement must be prominently displayed on the face of the affidavit provided in subitem (2) above: A FALSE STATEMENT CONCERNING THE FACTS CONTAINED IN THIS AFFIDAVIT MAY SUBJECT THE PERSON MAKING THE FALSE STATEMENT TO CRIMINAL PENALTIES AS PROVIDED BY LAW.

S.C. Code Ann. § 38-77-170 (emphasis added). In Collins v. Doe, 574 S.E.2d 739 (S.C. 2002), the Supreme Court of South Carolina considered whether a live witness's

testimony at trial was the functional equivalent of the affidavit required by subsection two of section 38-77-170. The court held that it is not. In so holding, the court noted that the sworn affidavit requirement serves three purposes: 1) fraud prevention (the "obvious" purpose); 2) tangible evidence that the insured has a good faith basis for making the claim; and 3) notice function. Id. at 743. The court then concluded,

> The plain language of § 38-77-170 requires that where the accident involves no physical contact between the insured's vehicle and the unidentified vehicle, the accident "must have been witnessed by someone other than the owner or operator of the insured vehicle" and the "witness must sign an affidavit attesting to the truth of the facts of the accident contained therein." The statute further prescribes a disclaimer and provides that the disclaimer "must be prominently displayed on the face of the affidavit." Under the rules of statutory interpretation, use of words such as "shall" or "must" indicates the legislature's intent to enact a mandatory requirement. See e.g., In re Matthews, 345 S.C. 638, 550 S.E.2d 311 (2001); South Carolina Police Officers Retirement Sys. v. Spartanburg, 301 S.C. 188, 391 S.E.2d 239 (1990); Starnes v. South Carolina Dept. of Public Safety, 342 S.C. 216, 535 S.E.2d 665 (Ct. App. 2000).
>
> *A plaintiff's strict compliance with the affidavit requirement is mandatory*. The Court of Appeals excused this mandatory requirement where the plaintiff offers up a "functional equivalent" of an affidavit. The statute makes no provision for the functional equivalent of an affidavit.

Id. (emphasis added).

In Enos v. Doe, 669 S.E.2d 619 (S.C. Ct. App. 2008), Enos brought an action against John Doe pursuant to her uninsured motorist coverage, alleging that an unknown driver had driven her car into a bridge abutment while she was a passenger. Enos did not know who the driver was because she had gotten in the passenger seat and gone to sleep after an evening of drinking. That was the last thing Enos remembered before waking up at the hospital. Id. at 620-21. Enos acknowledged that she could not comply with the affidavit requirement of section 38-77-170 because the only witnesses to the accident

3

were Enos (the vehicle's owner) and the unknown operator of the vehicle. Enos argued that she should have been excused from the affidavit requirement because the legislature did not intend to require affidavits in single-car accidents. The Court of Appeals of South Carolina rejected this argument, noting,

> We discussed the hypothetical consequence to a sleeping or blind passenger in Shealy v. Doe, [634 S.E.2d 45, 49 (S.C. Ct. App. 2006)]. We described the resulting bar to recovery as "lamentable to the injured party, but mandated by the statute." Id. The same outcome applies to an intoxicated passenger with no recollection, which embraces Enos on the morning of and night prior to the accident.
>
> Even if Enos were not intoxicated and could remember who was driving at the time of the accident, the legislature has clearly dictated that recovery from an uninsured motorist carrier is only allowed when certain conditions are met. S.C. Code Ann. § 38-77-170 (2002) ("If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, **there is no right of action or recovery under the uninsured motorist provision, unless**: . . .") (emphasis added). Because there was no physical contact with another vehicle, Enos must present an affidavit from "someone other than the owner or operator of the insured vehicle" in order to bring an action or recover. S.C. Code Ann. § 38-77-170(2) (2002). The General Assembly has unequivocally spoken on the prerequisites to bringing an action against an uninsured motorist carrier, and Enos has failed to meet the *sine qua non* prescribed by the legislature.

Id. at 627. Stressing that South Carolina courts have historically required "strict compliance" with section 38-77-170, the Enos court concluded that a plaintiff "may not maintain an action against an unknown driver where there is no witness to the accident other than the vehicle's owner or operator." Id. at 628.

In the case *sub judice*, no one disputes that the there was no physical contact between plaintiff Green's vehicle and the unknown vehicle. Thus, the affidavit requirement applies. Plaintiffs did not file such an affidavit with their complaints. Further, Doe served requests for production upon plaintiffs that asked them to produce

4

any and all affidavits in their possession that relate in any way to these lawsuits. Plaintiffs produced no affidavits until the hearing on this matter. At the hearing, plaintiffs submitted affidavits from Aundrae A. Anderson and Gabriel B. Buckner, two purported witnesses to the accident. Anderson's and Buckner's affidavits are sworn under oath and both describe the involvement of an unknown vehicle and driver in the accident. However, neither affidavit contains the *mandatory* disclaimer language prescribed by the statute. Accordingly, plaintiffs have not complied with the affidavit requirement.

Even before submitting the non-complying affidavits at the hearing, plaintiffs advanced several arguments in an attempt to salvage their cases against Doe. Plaintiffs argue that the "primary" purpose of the statute is fraud prevention. To insure truthfulness, say plaintiffs, the statute requires a "statement" from an independent witness, and that "statement" must be given while subject to criminal penalties for providing untrue information. Here, plaintiffs contend there are such statements, which were given by Anderson and Buckner to the state trooper who investigated the accident. Plaintiffs say these statements should suffice for the statute's purposes because "[i]t is, of course, unlawful for a person to willfully give false, misleading, or incomplete information on a document, record, report, or form required by the laws of this State, S.C. Code Ann. § 16-9-10(A)(2) (Perjury and subornation of perjury), and everyone is presumed to know the law of the land." Pl. Br. 4. Thus, say plaintiffs, statements provided to police officers and affidavits serve the very same purpose. In other words, without using the exact term, plaintiffs are saying such statements and affidavits are

functional equivalents.

As an initial matter, plaintiffs attempt to recharacterize the statute and courts' interpretation of it by using the terms "primary" purpose and "statement." In reality, the Collins court noted that fraud prevention is the "obvious" purpose, not necessarily the primary one, as the court went on to note two other purposes. More importantly, plaintiffs' attempt to re-articulate the statute as requiring a plaintiff to obtain a "statement" from an independent witness is at odds with the statute as well as the case law. The statute specifically requires an affidavit, not a statement. This a "mandatory requirement." Collins, 574 S.E.2d at 743. Indeed, the Collins court dispensed with a similar "functional equivalent" argument when it held that live witness testimony at trial is not the functional equivalent of the affidavit required by subsection two of section 38-77-170.[1] See id. ("The statute makes no provision for the functional equivalent of an affidavit.").

Plaintiffs lament that Doe seeks to terminate their cases against him "based on a technicality and on their misfortune of not being able to locate the testifying witnesses prior to the running of their Statute of Limitations on their personal injury claims." Pl. Br. 6. Of course, what plaintiffs call a technicality, Doe would call a duly enacted statutory requirement with which courts require "strict compliance." Moreover, plaintiffs eventually did locate the witnesses, but plaintiffs failed to obtain affidavits that comply with the statute. Plaintiffs say that "Defendant *cannot* win the argument that the legislative purpose of this Statute has not been met." Pl. Br. 8. Such a statement

---

[1] The court would note that trial testimony is subject to the penalties of perjury.

completely ignores how statutory construction works. As an initial matter, it is true that statutory construction is a search for legislative intent. But, "[u]nder the first and 'cardinal canon' of statutory construction, 'courts must presume that a legislature says in a statute what it means and means in a statute what it says.'" Stone v. Instrumentation Lab. Co., 591 F.3d 239, 243 (4th Cir. 2009) (quoting Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992)). "Accordingly, when a statute is unambiguous, this first canon is also the last: judicial inquiry is complete. " Id. (citations omitted). This is precisely what the South Carolina courts have said in determining that the language of the statute clearly says that an affidavit with the prescribed disclaimer language is required. See Collins, 574 S.E.2d at 743 (noting that the "plain language" of the statute requires, among other things, an affidavit from a witness).

Finally, plaintiffs ask the court to stay Doe's motion "pending Plaintiffs' ability to locate the witnesses to obtain affidavits from them." Pl. Br. 5. Clearly, this is not appropriate as plaintiffs did locate Anderson and Buckner before the hearing. Unfortunately for plaintiffs, the affidavits they obtained from these witnesses do not adhere to the statutory requirements.

## III.  CONCLUSION

For the above reasons, the court **GRANTS** Doe's motion as to both complaints.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**May 24, 2010**